LORENZA PEÑA DE BALBÁS ET AL., Petitioners, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 264.   Argued July 10, 1929.—Decided July 15, 1929.

*A. Marín Marién* for the petitioners.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In the District Court of San Juan and in the proceedings for execution of the judgment rendered for the plaintiffs by that court in an action brought by Lorenza Peña de Balbás

and others against Pedro Vergne de la Concha for revocation of agency and delivery of documents, the plaintiffs moved to have the defendant committed to jail until he performed the acts required by the judgment.

On June 29th last, after hearing the pleadings and the evidence, the court, through Judge Sepúlveda, overruled the motion. It would seem advisable to remark here that this decision implied the acquittal of the defendant of a charge of contempt which the plaintiffs had also brought against him.

On the 1st of July following, the regular vacation of the District Court began and Judge Berga, who is one of its judges, remained sitting as in vacation for the transaction of any business that might come up during that period, and on the 5th of the said month the plaintiffs applied to him for a reconsideration of the decision of Judge Sepúlveda. Judge Berga refused to act and directed the clerk of the court to inform Judge Sepúlveda of the motion at the end of the vacation on August 31st, 1929.

Thereupon the plaintiffs filed in this court the petition herein for a writ of mandamus commanding District Judge Berga to entertain and decide the motion for reconsideration submitted to him.

We think that in extraordinary cases a judge may reconsider a ruling from another judge of the same court. In the present case, however, Judge Berga did not refuse to act for want of jurisdiction but because the court was in vacation and also because the attending circumstances warranted such refusal. His attitude is fully justified by these circumstances. The logical and proper thing is for the same judge who rendered the decision to hear a motion to reconsider it. Furthermore, this was not the case of a summary order but of one made after hearing evidence and carrying with it the acquittal of a charge of contempt; and, lastly, the court was in vacation.

The petitioner complains of delay in the administration of justice, but it should be remarked that although vacations

produce temporary interruptions which undoubtedly may cause some harm in individual cases they are necessary to enable judges to do more efficient work during the periods of activity, to the benefit of every litigant. A sustained effort during the whole year might appear to yield greater accomplishments, but in reality it does not. Experience shows that incessant work is depressing and that with proper relaxation the mind recovers its natural energies and achieves in less time greater and better results. Besides, the very fact of the vacation has on the minds of the judges the wholesome effect of redoubling their efforts, as the vacation approaches, in order not to leave any business pending. Having the case of the Supreme Court in mind, for example, it may be observed that during the three or four months preceding the long vacation as many cases are disposed of as during the first five or six months of work. If there were no vacations, the same pace of the first months would be kept with the same result or perhaps worse, in the long run, taking into consideration the depressing effect, each day augmented, upon the minds of the judges of work done in disregard of natural laws.

The application for the writ must be denied.